Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| PANADERÍA BARCELONA INC. Y BARCELONAS COFFEE INC.<br><br>Recurrente<br><br>VS.<br><br>FABIO PIÑEDA PÉREZ<br>Titular Registral<br><br>Recurrido | KLRA202500018 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Estado de Puerto Rico<br><br>Registro Núm. 221628 y 221629<br><br>Marca: Barcelona Bakery & Deli<br><br>Cancelación (Regla 43) |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece la parte peticionaria, y solicita la revocación de una resolución parcial donde el foro de origen resolvió ciertas cuestiones sobre el descubrimiento de prueba.

Considerado el recurso de epígrafe y a la luz del derecho aplicable, procedemos a desestimarlo por falta de jurisdicción.

*-I-*

En el contexto de la querella presentada por la parte peticionaria ante el Departamento de Estado, la parte recurrente cursó un requerimiento de admisiones. Entre las partes surgieron desacuerdos sobre las admisiones requeridas por la parte peticionara. El requerimiento de admisiones contenía admisiones fundamentadas sobre una sentencia del Tribunal de Apelaciones. Según la parte peticionaria, como cuestión de derecho procedía las admisiones pues eran cosa juzgada. La parte recurrida objetó la mayoría de los requerimientos pues argumentó que no era de aplicación la doctrina de cosa juzgada. Presentado el asunto ante

Número Identificador

SEN2025 _____

el foro recurrido, este emitió orden sobre el asunto, y ordenó la contestación del requerimiento de admisión número 25 solamente.

Inconforme, la parte peticionaria solicitó reconsideración la cual fue denegada mediante una resolución parcial. Todavía insatisfecho, comparece ante el Tribunal de Apelaciones, y solicita la revocación de la resolución parcial emitida por el Departamento de Estado.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

*-II-*

*-A-*

Sabido es que la Ley de la Judicatura de 2003 establece la facultad revisora de este Tribunal de Apelaciones.[1] Ahora, en el ámbito administrativo la referida ley nos limita a examinar órdenes o resoluciones finales. En particular, el inciso (c) del Artículo 4.006, dispone que el Tribunal de Apelaciones conocerá: "*[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas*".[2]

De igual modo, la Regla 56 del Reglamento del Tribunal de Apelaciones limita nuestra jurisdicción revisora a determinaciones administrativas finales.[3]

Por otra parte, la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (LPAU) establece claramente que la agencia deberá emitir una orden o resolución final para que pueda ser objeto de revisión judicial en este Tribunal de Apelaciones.[4] A esos fines, dispone:

---

[1] *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24 *et seq.*
[2] 4 LPRA sec. 24y. Énfasis suplido.
[3] 4 LPRA Ap. XXII–B, R. 56.
[4] *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*

> *Una parte adversamente afectada por **una orden o resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final de la agencia** […].*[5]

Al respecto, el Tribunal Supremo de Puerto Rico ha definido una "orden o resolución final" de una agencia administrativa, como aquella que dispone del caso ante la agencia y tiene efectos de adjudicación y dispositivos sobre las partes.[6] "*Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias*".[7]

Por otra parte, cabe indicar que, para que una orden o resolución administrativa se considere final, debe contener determinaciones de hechos y conclusiones de derecho. En lo pertinente, la Sec. 3.14 de la LPAU dispone:

> *La orden o resolución **deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación,** [y] la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.*[8]

Así, nuestra jurisprudencia ha sido muy clara en sus explicaciones con respecto a cuándo una resolución u orden administrativa es final —y por tanto revisable—. A saber:

> *La [LPAU] contiene una descripción de lo que tiene que incluir una orden o resolución final; esto es, **requiere que incluya unas determinaciones de hecho, las conclusiones de derecho de la decisión,** una advertencia sobre el derecho a solicitar una reconsideración o revisión judicial, según sea el caso, y la firma del jefe de la agencia o de cualquier otro funcionario autorizado por ley.*[9]

### -B-

Por otra parte, es norma reiterada en nuestro ordenamiento que *"los tribunales deben ser celosos guardianes de su jurisdicción*

---

[5] 3 LPRA sec. 9672. Énfasis suplido.
[6] *Depto. Educ. v. Sindicato Puertorriqueño,* 168 DPR 527, 545 (2006).
[7] *Íd.*
[8] 3 LPRA sec. 9654. Énfasis suplido.
[9] *ARPe v. Coordinadora,* 165 DPR 850, 867 (2005).

*y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[10] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[11] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable.[12]

Un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[13] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[14] En consecuencia, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso a instancia de parte o por iniciativa propia, cuando carezcamos de jurisdicción para atenderlo.[15]

### -III-

En el presente caso, la resolución recurrida no contiene determinaciones de hechos ni conclusiones de derecho, por lo que no constituye una resolución final de la agencia sujeta a revisión judicial. Por tanto, nos encontramos ante una decisión que no es final y, en consecuencia, no revisable por la vía judicial.

Una vez las partes sean debidamente notificadas de la

---

[10] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[11] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[12] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[13] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo*, supra, pág. 883.
[14] *Íd.*
[15] En particular, la referida Regla 83 del reglamento de este tribunal dispone, en lo pertinente:
>  (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>  (1) que el Tribunal de Apelaciones carece de jurisdicción;
>  . . . . . . . .
>  (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.
4 LPRA Ap. XXII-B, R. 83(B)(1) y (C).

resolución final, nada impide que la parte adversamente afectada pueda oportunamente solicitar reconsideración, o, acudir ante este Tribunal de Apelaciones mediante un recurso de revisión judicial.

Así pues, lo anterior significa que el recurso de revisión instado por el recurrente resulta prematuro. En consecuencia, nos vemos privados de jurisdicción para atender en sus méritos.

### *-IV-*

Por los fundamentos que anteceden, que hacemos formar parte de este dictamen, *desestimamos* el recurso de revisión de epígrafe por carecer de jurisdicción, al haberse presentado de forma prematura.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones